IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MAURICE DIXON, | : | |
| Plaintiff, | : | |
| v. | : | CA 14-00507-CG-C |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

The Plaintiff, Maurice Dixon, filed a Complaint in this Court on October 30, 2014 (doc. 1), along with a motion to proceed without prepayment of fees and costs (doc. 2). This action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action based upon Plaintiff's failure to prosecute this action and comply with the Court's orders dated November 12, 2014, (doc. 3), and December 10, 2014, (doc. 4).

By order dated November 12, 2014, the undersigned denied Plaintiff's motion to proceed without prepayment of fees and costs because a review of that motion failed to indicate that Mr. Dixon's mother would be unable to pay the $400.00 filing fee and other costs associated with this action, without being deprived of her basic necessities of life. (Doc. 3 at 3-4.)  The Court gave the Plaintiff up to and including December 4, 2014, to pay the $400.00 filing fee or file an amended IFP motion providing the supporting evidence that was lacking in the original motion. (*Id.* at 4-5.)  The Plaintiff failed to pay the filing fee or file an amended IFP motion as ordered by the Court, and, on December 10, 2014, the undersigned entered an order requiring the Plaintiff "**TO SHOW CAUSE**,

on or before **December 17, 2014**, why this case should not be dismissed for the Plaintiff's failure to pay the filing fee or otherwise comply with the Court's order[,]" (doc. 4 (emphasis in original)).  To date, however, the Plaintiff has neither paid the filing fee, nor filed an amended IFP motion, nor responded to the Court's show cause order.  (*See* Docket Sheet.)

An action may be dismissed if a plaintiff fails to prosecute it or if he fails to comply with any court order. Fed. R. Civ. P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S. Ct. 1386, 1388-1389, 8 L. Ed. 2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, the Plaintiff has not responded to the Court's order dated November 12, 2014, instructing him to pay the $400.00 filing fee or file a properly supported amended IFP motion not later than December 4, 2014.  (*Compare* Docket Sheet, *with* doc. 3.)  Furthermore, the Plaintiff has not responded to the Court's December 10, 2014 show cause order.  (*Compare* Docket Sheet, *with* doc. 4.)  Therefore, it is **RECOMMENDED** that the Court **DISMISS** the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 41(b) due to his failure to prosecute this action by obeying this Court's lawful orders.  It is further **RECOMMENDED** that the Court **DISMISS** the Plaintiff's action because he has failed to qualify for *in forma pauperis* status or pay the filing fee.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** and **ORDERED** this the 29th day of December 2014.

                s/WILLIAM E. CASSADY
                **UNITED STATES MAGISTRATE JUDGE**